## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON MAGERA, | |
| Plaintiff, | CIVIL ACTION No. 3:08-CV-0565 |
| v. | (JUDGE CAPUTO) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

### **MEMORANDUM ORDER**

Currently before the Court is Plaintiff's "Motion to Conduct Discovery Beyond the Administrative Record." (Doc. 19.) The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

Plaintiff brings this case pursuant to the Employment Retirement and Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, seeking to recover full benefits under a group employee benefit plan administered by the Defendant. Starting January 1, 2002, Plaintiff was employed by Aventis Pasteur, Inc. and was a beneficiary covered by a group long term disability policy issued by Defendant. In December 2003, Plaintiff was found to be totally disabled under the policy's terms and the Defendant paid Plaintiff full disability benefits until June 7, 2006. Defendants represent that they stopped benefits payments based on a March 24, 2006 review of Plaintiff's medical records containing an opinion by Plaintiff's doctor stating that Plaintiff could begin an incremental return to work. Plaintiff subsequently filed claims and appeals with the Defendant seeking a reinstatement of her full disability payments, and further supplied Defendant with additional medical records indicating that she was unable to return to work. The Defendant denied each of these claims and appeals.

In her current motion, the Plaintiff seeks an order from the Court permitting discovery

beyond the administrative record. In her motion and supporting brief, Plaintiff argues that the Defendant was operating under an inherent conflict of interest throughout the Plaintiff's claims process because the Defendant both funded and administered the employee benefit plan. (Pl.'s Motion, Doc. 19, ¶¶ 5-6.) According to Plaintiff, this conflict of interest requires the Court to apply a heightened version of the "arbitrary and capricious" standard typically applied in ERISA cases involving potential abuses of discretion. (*Id.* ¶ 6.) Plaintiff further argues that, this heightened standard necessitates a review of facts beyond the administrative record and calls for significant factual discovery into the alleged conflict of interest of the administrator in order to determine the proper standard of review. (Pl.'s Motion, ¶ 7.)

The United States Supreme Court has held that, when an employee benefit plan provides a claim fiduciary with discretionary authority over administration of the plan, courts should review the fiduciary's decisions under a deferential arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Interpreting and applying *Firestone* and related cases, the Third Circuit Court of Appeals noted that "when an insurance company both funds and administers benefits, it is generally acting under a conflict that warrants a heightened form of the arbitrary and capricious standard of review." *Pinto v. Reliance Standard Life Insurance Co.*, 214 F.3d 377, 378 (3d Cir. 2000). Cognizant of this potential for a conflict of interest, the Court of Appeals adopted a "sliding scale method, intensifying the degree of scrutiny to match the degree of conflict." *Id.* at 379. Recently, the United States Supreme Court discussed the issue, similarly noting that,

> Often the entity that administers [an employee benefit] plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. [T]his dual role

> creates a conflict of interest. . . a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits. . .and . . .the significance of the factor will depend upon the circumstances of the particular case.

*Metropolitan Life Insurance Co. v. Glenn*, 128 S.Ct. 2343, 2346 (2008).

In ERISA cases where a court is applying "the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997). "[W]hen a court is deciding what standard of review to employ--arbitrary-and-capricious review, or some higher standard under Pinto--it may consider evidence of of [sic] potential biases and conflicts of interest that is not found in the administrator's record." *Kosiba v. Merk & Co.*, 384 F.3d 58, 67 n. 5 (3d Cir. 2004). The determination of when it is appropriate to supplement the administrative record is left to the sound discretion of the reviewing court. *Id.* District courts within the Third Circuit have noted that, in *Pinto*, the Court of Appeals "used the general structure of the [employee benefit] plan as a proxy to detect whether the existence of a conflict of interest was plausible." *Security Mutual Life Insurance Company of New York v. Joseph*, 06-CV-4808, 2007 U.S. Dist. LEXIS 47664, at *15 (E.D. Pa. June 29, 2007). The *Joseph* court, accordingly, identified "the structure of the ERISA plan as a discovery gate-keeping function in the conflict-of-interest context" and held

> that as a prerequisite to discovery pertaining to the appropriate standard of review, the court must make a threshold determination of whether the alleged structure of the ERISA plan's administration, interpretation and funding could plausibly present a conflict of interest calling for heightened review. A mere allegation that a plan administrator had a conflict of interest is alone insufficient to warrant discovery.

Id. at *15-*16.

In the motion currently before the Court, Plaintiff alleges that the Defendant both funded and administered the Aventis Pasteur benefit plan, creating an inherent conflict of interest warranting a heightened level of scrutiny. (Pl.'s Motion, ¶¶ 4-6.) If the Defendant is, in fact, responsible both for funding and administration of the Aventis Pasteur benefit plan, the Court believes that this relationship, and the resulting conflict of interest, should be apparent from official Plan documents that are presumably included in the administrative record. *See Joseph*, 2007 U.S. Dist. LEXIS 47664, at *16 ("Although determining the structure of an ERISA plan is a fact-intensive inquiry, sufficient information should generally be contained within the Summary Plan Description which is both in the possession of the ERISA claimant and the plan administrator."). Accordingly, the Court finds that it is unnecessary to expand discovery beyond the administrative record in order to determine whether the Defendant held positions creating a conflict of interest as alleged by Plaintiff in her current motion and Complaint.

The Court further notes that discovery beyond the administrative record is unnecessary even if the Court determines that Defendant did possess the alleged conflict of interest. Assuming that the documents contained in the administrative record reveal that the Defendant did posses the conflict of interest alleged by Plaintiff, the Court will consider this conflict as a factor in determining whether Defendant has abused its discretion in denying Plaintiff's benefits. *See Glenn*, 128 S.Ct. at 2346. Moreover, the presence of a conflict of interest would call for "a 'significantly heightened arbitrary and capricious standard of review." *Orr v. Metropolitan Life Insurance Co.*, 1:04-CV-0557, 2007 U.S. Dist. LEXIS 67855, at *35 (M.D.Pa. Sept. 13, 2007) (Caldwell, J.) (quoting *Kaelin v. Tenet Employee Benefit Plan,* 405 F. Supp.2d 562, 580 (E.D. Pa. 2005)); *see accord. Kosiba*, 384 F.3d at 68

("a significantly heightened arbitrary and capricious standard of review would be warranted if [the Defendant]. . . acted under a financial conflict of interest"). "In such a situation, the court must 'examine the facts before the administrator with a high degree of skepticism.'" *Id.* (quoting *Kaelin*, 405 F. Supp.2d at 580); *see also Pinto*, 214 F.3d at 394 (stating that the Court of Appeals examines "facts before the administrator with a high degree of skepticism" when procedural anomalies in a benefits review process appeared to be self-serving for the plan administrator).

Since the Court can determine whether a conflict of interest exists based on documents in the administrative record and since finding a conflict of interest *would* cause the Court to review the administrative record with a high degree of skepticism, but *would not* alter the "*Mitchell* rule" that the entire record consists of the evidence in front of the administrator when making the decision under review, the Court will deny Plaintiff's motion.

For this reason, NOW this  4th  day of February, 2009, it is hereby **ORDERED** that Plaintff's "Motion to Conduct Discovery Beyond the Administrative Record" (Doc. 19) is **DENIED**.

        /s/ A. Richard Caputo  
        A. Richard Caputo  
        United States District Judge