# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLISON MAGERA, | |
| Plaintiff, | CIVIL ACTION No. 3:08-CV-0565 |
| v. | (JUDGE CAPUTO) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Currently before the Court is Plaintiff's Motion for Reconsideration (Doc. 36) of the Court's February 4, 2009 Memorandum Order (Doc. 34) denying Plaintiff's Motion to Conduct Discovery Beyond the Administrative Record (Doc. 19). For the reasons stated below, Plaintiff's motion will be granted and the Court will permit limited discovery beyond the administrative record.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff brings this case pursuant to the Employment Retirement and Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, seeking to recover full benefits under a group employee benefit plan administered by the Defendant. Starting January 1, 2002, Plaintiff was employed by Aventis Pasteur, Inc. and was a beneficiary covered by a group long term disability policy issued by Defendant. In December 2003, Plaintiff was found to be totally disabled under the policy's terms and the Defendant paid Plaintiff full disability benefits until June 7, 2006. Defendants represent that they stopped benefits payments based on a March 24, 2006 review of Plaintiff's medical records containing an opinion by Plaintiff's doctor stating that Plaintiff could begin an incremental return to work. Plaintiff subsequently filed

claims and appeals with the Defendant seeking a reinstatement of her full disability payments, and further supplied Defendant with additional medical records indicating that she was unable to return to work.  The Defendant denied each of these claims and appeals.

In her motion to conduct discovery beyond the administrative record and supporting briefs, the Plaintiff argued that the Defendant was operating under an inherent conflict of interest throughout the Plaintiff's claims process because the Defendant both funded and administered the employee benefit plan.  (Doc. 19, ¶¶ 5-6.)  Plaintiff further argued that this conflict of interest requires the Court to apply a heightened version of the "arbitrary and capricious" standard typically applied in ERISA cases involving potential abuses of discretion.  (*Id.* ¶ 6.)  Further, the Plaintiff stated that this heightened standard necessitates a review of facts beyond the administrative record and calls for significant factual discovery into the alleged conflict of interest of the administrator in order to determine the proper standard of review.  (*Id*. ¶ 7.)

Considering Plaintiff's motion to conduct expanded discovery, the Court reviewed relevant case law addressing when such expanded discovery is appropriate.  (Doc. 34, at 2-3.)  In particular, the Court observed  that "[d]istrict courts within the Third Circuit have noted that, in *Pinto* [*v. Reliance Standard Life Insurance Co.*, 214 F.3d 377, 378 (3d Cir. 2000)], the Court of Appeals 'used the general structure of the [employee benefit] plan as a proxy to detect whether the existence of a conflict of interest was plausible.'" (*Id.* at 3) (quoting *Security Mutual Life Insurance Company of New York v. Joseph*, 06-CV-4808, 2007 U.S. Dist. LEXIS 47664, at *15 (E.D. Pa. June 29, 2007)).  The Court further noted that these courts have "identified 'the structure of the ERISA plan as a discovery gate-keeping function in the conflict of interest context."  (*Id.* at 3) (quoting *Joseph*, 2007 U.S. Dist. LEXIS 47664,

2

at *15.)

On the basis of its review of these cases, the Court found that "[i]f the Defendant is, in fact, responsible both for funding and administration of the Aventis Pasteur benefit plan, . . . this relationship, and the resulting conflict of interest, should be apparent from the official Plan documents that are presumably included in the administrative record. (*Id.* at 4) (citing *Joseph*, 2007 U.S. Dist. LEXIS 47664, at *16.) The Court, accordingly, found it "unnecessary to expand discovery beyond the administrative record in order to determine whether the Defendant held positions creating a conflict of interest as alleged by Plaintiff. . .." (*Id.* at 4.) The Court further noted that expanded discovery record would be unnecessary, even in the event that the Court determines that the Defendant had a conflict of interest because the conflict would trigger a heightened arbitrary and capricious standard of review requiring the Court to examine the facts before the administrator with a high degree of skepticism. (*Id.* at 4.) Thus, the Court denied Plaintiff's motion to expand discovery on the basis of its finding that a conflict of interest could be discerned from documents in the administrative record and because the presence of a such conflict would call for a highly skeptic review the administrative record without altering the rule that the "whole record consists of the evidence that was before the administrator when he made the decision reviewed." (*Id*. at 5) (quoting Mitchell *v. Eastman Kodak Co.,* 113 F.3d 433, 440 (3d Cir. 1997).)

Plaintiff filed her current Motion for Reconsideration (Doc. 36) of the Court's Order, along with a corresponding Brief in Support (Doc. 37) on February 17, 2009. No briefs in opposition were filed, and the Court believes that Plaintiff's Motion for Reconsideration is currently ripe for disposition.

3

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

In her Brief in Support of the current motion, Plaintiff states that her "Motion for Discovery Beyond the Administrative Record failed to address the procedural conflicts alleged in her Complaint." (Doc.37, at 11.) Plaintiff, accordingly, argues that "in denying the

Plaintiff's Motion, the Court based its rationale on the existence of a structural conflict only. Here, the Plaintiff seeks discovery in an effort to establish the Defendant insurer's bias and that it failed to follow its internal procedures and those prescribed by statute." (*Id.*) As a result, Plaintiff further argues that "[d]enying [her] the opportunity to engage in discovery would result in manifest injustice to the Plaintiff and would deprive her of the protections Congress intended to afford her." (*Id.*) Based on these arguments, the Court finds that Plaintiff does not allege any change in controlling law or newly available evidence or that there has been an error of law or fact. Instead, the Court finds that the only question presented with respect to Plaintiff's current motion is whether the Court's Order denying the request for expanded discovery results in manifest injustice to the Plaintiff.

Reviewing its decision in *Pinto*, the Third Circuit Court of Appeals has stated that "determining how to apply heightened arbitrary and capricious review requires considering both structural and procedural factors." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 162 (3d Cir. 2007) (citing *Pinto*, 214 F.3d at 392-93). "The structural inquiry focuses on the financial incentives created by the way the plan is organized, whereas the procedural inquiry focuses on how the administrator treated the particular claimant." *Id.* The circuit court provided an illustrative, but not exhaustive, list of the type of procedural irregularities that can raise suspicion of bias: "(1) reversal of position without additional medical evidence; (2) self-serving selectivity in the use and interpretation of physicians' reports; (3) disregarding staff recommendations that benefits be awarded; and (4) requesting a medical examination when all of the evidence indicates disability." *Post*, 501 F.3d at 164-65 (citing *Pinto*, 214 F.3d at 393, 394; *Kosiba v. Merk Co.*, 384 F.3d 58, 67 (3d Cir. 2004)). When a court finds non-trivial evidence of procedural bias, the standard of review is raised accordingly. *Post*,

5

501 F.3d at 165. For example, "[i]n *Kosiba*, [the circuit court] discerned non-trivial evidence of procedural bias but, as it was neither egregious nor coupled with evidence of structural bias, [the court] heightened [its] scrutiny only a moderate amount." Post, 501 F.3d at 165 (citing *Kosiba*, 384 F.3d at 68). "In *Pinto*, on the other hand, [the circuit court] found that the evidence of procedural bias was coupled with evidence of structural bias, and . . .heightened [its] review substantially." *Post*, 501 F.3d at 165 (citing *Pinto*, 214 F.3d at 394).

In the brief supporting her current motion, the Plaintiff states that she "seeks discovery in an effort to establish the Defendant insurer's bias and that it failed to follow its internal procedures and those prescribed by statute." (Doc. 37, at 11.) More specifically, Plaintiff references paragraphs 35, 43, 49, and 50 of her Complaint (Doc. 1) which allege that the Defendant engaged in numerous procedural irregularities when handling Plaintiff's long-term disability benefits claims. (Doc. 37, at 11.) Based on its review of the referenced portions of Plaintiff's Complaint, the Court finds that Plaintiff has made good faith allegations of procedural irregularities. Thus, in light of the Third Circuit Court of Appeals' clear statements that courts must consider both structural and procedural conflicts of interest when determining how to appropriately apply a heightened version of the arbitrary and capricious standard of review, the Court believes that the applicable standard of review in this action is reasonably in dispute. The Court also finds that denying Plaintiff the opportunity to conduct some limited discovery beyond the administrative record to support her procedural claims would deprive Plaintiff from locating and presenting evidence potentially justifying the Court's application of a heightened level of scrutiny. The Court believes that such a deprivation would amount to manifest injustice. For this reason, the Court will grant Plaintiff's Motion for Reconsideration and will permit limited discovery beyond the administrative

6

record.

**CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's Motion for Reconsideration (Doc. 36) and will permit discovery beyond the administrative record, limited to those allegations contained in paragraphs 35, 43, 49, and 50 of Plaintiff's Complaint. This discovery is to be completed by June 30, 2009. The Court notes that Plaintiff and Defendant have filed motions for summary judgment (Docs. 38 & 39) along with various corresponding briefs in support, opposition, and reply (Docs. 39, 41, 52, 55). The Court will delay decision on these motions and will permit the parties to file supplemental briefs following the conclusion of the extended discovery period. Each party shall file its supplemental brief on or before July 15, 2009.

An appropriate order follows.

| May 14, 2009 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALLISON MAGERA,

    Plaintiff,

          v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION No. 3:08-CV-0565

(JUDGE CAPUTO)

## ORDER

**NOW**, this __14th__ day of May, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Reconsideration (Doc. 36) is **GRANTED**.

(2) Plaintiff and Defendant may conduct additional discovery beyond the administrative record concerning the allegations of procedural irregularities contained in paragraphs 35, 43, 49, and 50 of Plaintiff's Complaint (Doc. 1). All such discovery shall be commenced in time so as to be completed by **June 30, 2009**.

(3) Plaintiff and Defendant are permitted to file briefs supplementing their cross motions for summary judgment (Docs. 38 & 41) after the extended discovery period has concluded. Each party shall file its supplemental brief on or before **July 15, 2009**.

                                                  /s/ A. Richard Caputo  
                                                  A. Richard Caputo  
                                                  United States District Judge